

February 2, 2021

**VIA ECF**
Honorable Sidney H. Stein
United States District Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Courtroom 23A
New York, NY 10007
Chambers Phone: (212) 805-0087

**MEMO ENDORSED**

Re: *Antetokounmpo v. Florville*
Civil Case No.: **1:20-cv-10558-SHS**

Dear Honorable Judge Stein,

Our law firm represents Plaintiff Giannis Antetokounmpo ("Plaintiff" or "Antetokounmpo") in the above-referenced action. Pursuant to Your Honor's Individual Rules, Rule 1(E), Plaintiff respectfully submits this letter requesting the adjournment or conversion of the Initial Pretrial Conference scheduled for February 8, 2021 to a pre-motion Conference to discuss his anticipated Motion for Default Judgment. However, pursuant to Your Honor's Individual Practices, Rule 2(B), pre-motion conferences are not required. Plaintiff intends to move for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2), Local Civil Rule 55.2(b), and Rule 4 of Your Honor's Individual Practices. Defendant's time to answer or otherwise move with respect to Plaintiff's complaint has expired.

Plaintiff commenced the instant action by filing the Complaint on December 14, 2020. (Docket No. 1) Plaintiff served the Summons and the Complaint upon Defendant by personal delivery on December 19, 2020. Plaintiff filed proof of service with the Court on December 23, 2020. (Docket No. 7). Defendant's answer was due on January 11, 2021. Upon Plaintiff's application, the Clerk of the Court issued a Certificate of Default on January 12, 2021. (Docket No. 11)

Fed. R. Civ. P. 55 sets out a two-step procedure to be followed for the entry of judgment against a party who fails to defend: the entry of a default, and the entry of a default judgment. *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005). Fed. R. Civ. P. 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default. The first step, entry of a default, simply "formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011). The clerk may enter a judgment when the claim is one for a sum certain, if furnished with an affidavit of the amount due, and provided that defendant has been defaulted for failure to appear. *See* Fed.R.Civ.P. 55(b)(1). In any other case, other than a sum certain, application must be made to the court for a default judgment. The defendant, if he or she has appeared, is entitled to three days written notice prior to the hearing on such application. *See* Fed.R.Civ.P. 55(b)(2). If in order to enter a default judgment the amount of damages must be ascertained, the court may conduct a hearing or order a reference. *Id. Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993).

For the reasons above, Plaintiff respectfully requests that the Court adjourn the Initial Pretrial Conference or convert it to a Pre-Motion Conference in anticipation of Plaintiff's Motion for Default Judgment.

We thank the Court for its time and consideration to this matter.

                                      Respectfully submitted,
                                      **PARDALIS & NOHAVICKA, LLP**

                                      By: /s/Eleni Melekou_____
                                            Eleni Melekou, Esq.

**The request to adjourn the conference is denied. The conference shall take place as scheduled on February 8, 2021, at 11:00 a.m.**

Dated: New York, New York
          February 3, 2021

SO ORDERED

_____
SIDNEY H. STEIN
U.S.D.J.

35-10 Broadway, Suite 201, Astoria, NY 11106 | 830 Third Avenue, 5th Floor, New York, NY 10022
P: 718.777.0400 | F: 718.777.0599 | contact@pnlawyers.com | www.pnlawyers.com